IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

* * * * *

BELINE TRANS LLC
a Michigan limited liability company,

Plaintiff,

Case No.

-vs-

HON.

DIVERSE TRANSPORTATION LLC, a Michigan limited liability company; ROBERT J. ELZER, a individual; LYNN TRUCKING, INC., a Florida corporation; WESTERN EXPRESS, INC., a Tennessee corporation; SEATTLE TRANSLOAD & LOGISTICS, INC., a Washington corporation; DASCO INCORPORATED, a Colorado corporation; MUSKET CORPORATION, an Oklahoma corporation; HARCROS CHEMICALS INC., a Kansas corporation; GRAHAM PACKAGING COMPANY LIMITED PARTNERSHIP, a Delaware limited partnership; GENERAL MOTORS COMPANY, a Delaware corporation; FCA US LLC, a Delaware limited liability company; and WAL-MART STORES, INC., a Delaware corporation.

Defendant.

---

Brittany W. Burke (P81438)
Donald R. Visser (P27961)
Donovan J. Visser (P70847)
VISSER AND ASSOCIATES, PLLC
2480 - 44th Street, S.E., Suite 150
Kentwood, MI 49512
(616) 531-9860
*Counsel for Plaintiff*

---

**COMPLAINT**

---

Plaintiff, Beline Trans LLC, by and through its counsel, Visser and Associates, PLLC, files this Complaint against Defendants Diverse Transportation LLC, Lynn Trucking, Inc., Western Express, Inc., Seattle Transload & Logistics, Inc., Dasco Incorporated, Musket Corporation, Harcros Chemicals Inc., Graham Packaging Company Limited Partnership, General Motors Company, FCA US LLC, and Wal-Mart Stores, Inc. (collectively, "Defendants") and in support thereof, states the following:

**PARTIES**

1. Plaintiff Beline Trans LLC ("Plaintiff" or "Beline") is a Michigan limited liability company with its principal office located in Wyoming, Michigan.

2. Defendant Diverse Transportation LLC ("Diverse") is a Michigan limited liability company with its principal office located in Grawn, Michigan.

3. Robert J. Elzer is an individual residing in the state of Michigan.

4. Defendant Lynn Trucking, Inc. ("Lynn") is a Florida corporation authorized to transact business in Michigan with a registered office address in Bloomfield Hills, Michigan.

5. Defendant Western Express, Inc. ("Western") is a Tennessee corporation transacting business in the state of Michigan.

6. Defendant Seattle Transload & Logistics, Inc. ("Seattle") is a Washington corporation transacting business in the state of Michigan.

7. Defendant Dasco Incorporated ("Dasco") is a Colorado corporation authorized to transact business in the state of Michigan with a registered office address in South Lyon, Michigan.

8. Defendant Musket Corporation ("Musket") is an Oklahoma corporation authorized to transact business in the state of Michigan with a registered office address in Plymouth, Michigan.

9. Defendant Harcos Chemicals Inc. ("Harcos") is a Kansas corporation authorized to transact business in the state of Michigan with a registered office address in Plymouth, Michigan.

10. Defendant Graham Packaging Company Limited Partnership ("Graham") is a Delaware limited partnership authorized to transact business in the state of Michigan with a registered office address in East Lansing, Michigan.

11. Defendant General Motors Company ("GM") is a Delaware corporation authorized to transact business in the state of Michigan with a registered office address in Bingham Farms, Michigan.

12. Defendant FCA US LLC ("Chrysler") is a Delaware limited liability company authorized to transact business in the state of Michigan with a registered office address in Plymouth, Michigan.

13. Defendant Wal-Mart Stores, Inc. ("Walmart") is a Delaware corporation authorized to transact business in the state of Michigan with a registered office address in Plymouth, Michigan.

**JURISDICTION AND VENUE**

14. Jurisdiction is proper under 49 U.S.C. § 14707, 28 U.S.C. § 1331 and 28 U.S.C. § 1337(a).

15. Venue is proper in this judicial district pursuant to 49 U.S.C. § 14707 because Diverse operates in the Western District of Michigan as well as 18 U.S.C. § 1965 and 28 U.S.C. § 1391 because all of the Defendants have an agent in and/or conduct affairs in the Western District of Michigan. Further, a substantial part of the events giving rise to this Complaint occurred within the Western District of Michigan.

**GENERAL ALLEGATIONS**

16. Beline is a motor carrier licensed by the Federal Motor Carrier Safety Administration (hereinafter "FMCSA") and is in the business of providing intrastate and interstate commercial freight hauling transportation services of goods and commodities.

17. Diverse is a motor carrier licensed by the FMCSA and upon information and belief, is in the business of providing commercial freight hauling transportation services.

18. Diverse is not licensed by the FMCSA as either a freight forwarder or a freight broker.

19. Upon information and belief, Diverse is owned and operated by Robert J. Elzer.

20. In March of 2016, Elzer was hired by Beline as a full time employee to work as a mechanic on Beline's trucks.

21. As a mechanic for Beline, Elzer had access to Beline's trucks.

22. In June and July of 2016, Diverse agreed to provide freight hauling transportation services for certain goods and commodities as reflected on several Bill of Ladings as detailed below:

a. Bill of Ladings for transportation of automotive parts from freight forwarder Lynn Trucking, Inc.'s warehouse in Romulus, MI to Parks Chevrolet, Inc. in Augusta, KS (with several intermediary stops) for $2,864.30. (*See* Beline Invoice #4662 and Bill of Ladings for Transport attached as **Exhibit A**).

b. Bill of Ladings for transportation of automotive parts from freight forwarder Lynn Trucking, Inc.'s warehouse Romulus, MI to Burien Chevrolet in Seattle, WA (with several intermediary stops) for $4,134.85. (*See* Beline Invoice #4689 and Bill of Ladings for Transport attached as **Exhibit B**).

c. Bill of Lading for transportation of certain specified goods from Coleman in Wichita, KS to WalMart in Coldwater, MI for $1,100.00. (*See* Beline Invoice #4663 and Bill of Ladings for Transport attached as **Exhibit C**).

d. Bill of Lading for transportation of certain chemicals from Tronox Specialty Alkali Corporation in Westvaco, WY to Harcros Chemicals in Wichita, KS for $1,100.00. (*See* Beline Invoice #4712 and Bill of Ladings for Transport attached as **Exhibit D**).

e. Bill of Lading for transportation of certain specified goods from Graham Packaging LBL Warehouse in Muskogee, OK to Graham Packaging Holland in Holland, MI for $1,075.00. (*See* Beline Invoice #4713 and Bill of Ladings for Transport attached as **Exhibit E**).

f. Bill of Lading for transportation of certain specified goods from Dasco in Englewood, CO to Musket Corp. in Salt Lake City, UT for $1,150.00. (*See* Beline Invoice#4711 and Bill of Ladings for Transport attached as **Exhibit F**).

23. As such, without Beline's knowledge, authorization or permission, Elzer and Diverse acted as freight brokers and coordinated the hauling of the freight identified in the Bill of Ladings set forth in Paragraph 22 by assigning the Bill of Ladings to Beline for completion of the transportation requested by the Bill of Ladings.

24. Assignment of the Bill of Ladings was reflected in documents created and issued by Diverse to Beline which identified Beline as the motor carrier, and further identified the load number, rate and pick-up location.

25. Upon information and belief, each document purporting to assign the Bill of Ladings was signed by Elzer on behalf of Diverse.

26. Elzer, without Beline's knowledge, authorization or permission, used Beline's trucks to complete all transportation requested by the Bill of Ladings identified in Paragraph 22.

27. In July of 2016, Greg Hibbitts, the owner of Beline, discovered that Elzer had used his trucks to complete work for Diverse without his knowledge, permission or authorization and upon discovery of the same, promptly terminated Elzer.

28. Beline subsequently issued invoices to Diverse for each shipment identified by the Bill of Ladings set forth in Paragraph 22 and completed by Beline.

29. Upon information and belief, Diverse solicited funds from the appropriate party (either the shipper/cosignor or cosignee depending on the terms of the BOL) but failed to remit those funds to Beline to satisfy the outstanding invoices for the same.

30. Payment for said freight charges is now overdue, and despite repeated demands, Diverse has failed and refused to pay the amount due and owing to Beline.

31. To date, Beline has outstanding invoices in the amount of Eleven Thousand Four Hundred and Twenty Four Dollars and Fifteen Cents ($11,424.15)

**COUNT I: UNLAWFUL BROKERAGE ACTIVITY IN VIOLATION OF 49 U.S. CODE § 14916**
**(against Diverse and Elzer)**

32. Plaintiff incorporates the allegations above as if fully restated herein.

33. Diverse knowingly provided interstate brokerage services by arranging and providing for the interstate transportation by Beline of certain goods and commodities, as specified in the Bill of Ladings identified herein, for compensation.

34. Diverse is not registered under, and in compliance with, 49 U.S. Code § 13904.

35. Diverse has not satisfied the financial security requirements required by 49 U.S. Code § 13906.

36. As a result of Diverse's unauthorized brokering, Beline has sustained damages in total amount of Eleven Thousand Four Hundred and Twenty Four Dollars and Fifteen Cents ($11,424.15).

37. Pursuant to 49 U.S. Code §14916(d)(2), Elzer as an officer and principal of Diverse is jointly and severally liable for the unlawful brokerage activities committed by Diverse.

38. Attorney's fees in this matter to date will not be less than eight thousand dollars ($8,000.00).

WHEREFORE, Beline Transportation Services, LLC respectfully requests that this Court enter judgment against Defendants Diverse Transportation Services LLC and Robert J. Elzer, jointly and severally, in the amount of Eleven Thousand Four Hundred and Twenty Four Dollars and Fifteen Cents ($11,424.15), along with interest, costs and attorney's fees not less than eight thousand dollars ($8,000.00) as permitted by 49 U.S.C. § 14707(c) and award any further legal and equitable relief as this Court deems appropriate.

**COUNT II: BREACH OF CONTRACT**
**(against all Defendants)**

39. Plaintiff incorporates the allegations above as if fully restated herein.

40. Contracts in the form of Bill of Ladings ("BOL") existed between Diverse, certain freight forwarders, freight brokers, shippers/cosginors and cosignees wherein Diverse was to provide certain freight hauling transportation for an agreed-up amount.

41. Each BOL constituted a separate contract between Diverse and the freight forwarders, freight brokers, shippers/cosignors and cosignees listed thereon.

42. The BOLs at issue were subsequently assigned by Diverse to Beline; thus, upon assignment, valid enforceable contracts in the form of BOLs existed between Beline and the

freight forwarders, freight brokers, shippers/cosignors and cosignees listed thereon.

43. In accordance with its obligations under the Bill of Ladings, Beline provided freight hauling transportation services and successfully and timely completed all deliveries contemplated by the assigned BOLs.

44. Beline subsequently submitted invoices for its services to Diverse; Diverse failed and refused to pay or make any payment on the invoices.

45. Diverse breached its contracts with Beline by failing to pay, or cause any payment to be made on its behalf for the transportation services provided by Beline.

46. Furthermore, the freight forwarders, freight brokers, shippers/cosignors and cosignees identified in the Bill of Ladings set forth in Paragraph 22 (depending on the terms set forth therein) breached their contracts with Beline by failing to pay, or cause any payment to be made on their behalf for the transportation services provided by Beline.

47. As a direct result of Defendants' breach of the BOLs, Beline has sustained damages in the total amount of Eleven Thousand Four Hundred and Twenty Four Dollars and Fifteen Cents ($11,424.15).

WHEREFORE, Beline Transportation Services, LLC respectfully requests that this Court enter judgment against Defendants, jointly and severally, in the amounts due and owing for transportation provided under the Bill of Ladings identified herein and clearly set forth in the Relief Requested, along with interest, costs and attorney fees as permitted by law and award any further legal and equitable relief as this Court deems appropriate.

**COUNT III: UNJUST ENRICHMENT**
**(against all Defendants)**

48. Plaintiff incorporates the allegations above as if fully restated herein.

49. Beline conferred a benefit upon the Defendants by transporting and delivering

certain goods and commodities as requested by the Bill of Ladings identified in Paragraph 22.

50. Defendants accepted that benefit and have not compensated Beline for the transportation and deliveries.

51. Allowing the Defendants to retain the benefit provided by Beline without compensating Beline would be unjust under the circumstances.

WHEREFORE, Beline Transportation Services, LLC respectfully requests that this Court enter judgment against Defendants, jointly and severally, and award restitution to Plaintiff in the amounts due and owing for transportation provided under the Bill of Ladings identified herein and as clearly set forth in the Relief Requested, along with interest, costs and attorney fees as permitted by law and award any further legal and equitable relief as this Court deems appropriate.

**COUNT IV: COMMON LAW CONVERSION**
**(against Diverse and Elzer)**

52. Plaintiff incorporates the allegations above as if fully restated herein.

53. At all times relevant to this Complaint, Beline maintained several trucks at its headquarters located in Wyoming, Michigan.

54. Beline never authorized or gave Elzer or Diverse permission to remove any of Beline's trucks from the premises, for any purpose.

55. Unbeknownst to Plaintiff, Elzer and Diverse used Plaintiff's trucks to complete the transportation contemplated by the Bill of Ladings identified herein without Plaintiff's knowledge or permission and without any lawful right to do so.

56. As such, Elzer and Diverse willfully took and asserted dominance over Beline's trucks on each occasion identified by the Bill of Ladings identified herein.

57. Such acts deprived Beline of its property and constituted the unlawful conversion

of Beline's property.

58. As a direct result of Elzer and Diverse's conversion of Plaintiff's property, Plaintiff has sustained substantial damages.

WHEREFORE, Beline Transportation Services, LLC respectfully requests that this Court enter judgment against Defendants Diverse Transportation Services LLC and Robert J. Elzer, jointly and severally, in the amount of Eleven Thousand Four Hundred and Twenty Four Dollars and Fifteen Cents ($11,424.15) plus exemplary damages, interest, costs and attorney fees as permitted by law and award any further legal and equitable relief as this Court deems appropriate.

**COUNT V: STATUTORY CONVERSION; VIOLATION OF MCL 600.2919a**
**(against Diverse and Elzer)**

59. Plaintiff incorporates the allegations above as if fully restated herein.

60. Elzer and Diverse converted Beline's property as described in Count III. The elements of common law conversion as stated in Count III are hereby incorporated into this Count.

61. Elzer and Diverse converted Beline's property for their own use in order to complete the loads contemplated by the Bill of Ladings described herein.

62. Elzer and Diverse used Beline's trucks to complete said loads and upon information and belief, Elzer and Diverse received payments for the same to their benefit and to the detriment of Beline.

63. As a direct result of Elzer and Diverse's conversation of Plaintiff's property, Plaintiff has sustained substantial damages.

64. MCL 600.2919a provides that a person damaged as a result of "[a]nother person's…converting property to the other person's own use" "may recover 3 times the amount

of actual damages sustained, plus costs and reasonable attorney fees."

65. Attorney's fees in this matter to date will not be less than eight thousand dollars ($8,000.00).

WHEREFORE, Beline Transportation Services, LLC respectfully requests that this Court enter judgment against Defendants Diverse Transportation Services LLC and Robert J. Elzer, jointly and severally, in the total amount of Thirty Four Thousand Two Hundred Seventy Two Dollars and Forty-Five Cents ($34,272.45), along with interest, costs and attorney's fees not less than eight thousand dollars ($8,000.00) as permitted by MCL 600.2919a and award any further legal and equitable relief as this Court deems appropriate.

**RELIEF REQUESTED**

WHEREFORE, Beline Transportation Services, LLC respectfully requests the following relief:

A. As to Counts I, Judgment against Defendants Diverse Transportation Services LLC and Robert J. Elzer, jointly and severally, in the amount of Eleven Thousand Four Hundred and Twenty Four Dollars and Fifteen Cents ($11,424.15);

B. As to Courts II and III, judgment against Defendant Diverse Transportation Services LLC, Robert J. Elzer and the following:

  i. Lynn Trucking, Inc. and General Motors Company, jointly and severally, in the amount of **$2,864.30** for transportation of automotive parts from freight forwarder Lynn Trucking, Inc.'s warehouse in Romulus, MI to Parks Chevrolet, Inc. in Augusta, KS (with several intermediary stops);

  ii. Lynn Trucking, Inc., General Motors Company and FCA US LLC, jointly and severally, in the amount of **$4,134.85** for transportation of automotive parts

from freight forwarder Lynn Trucking, Inc.'s warehouse Romulus, MI to Burien Chevrolet in Seattle, WA (with several intermediary stops);

iii. Western Express, Inc. and Wal-Mart Stores, Inc., jointly and severally, in the amount of **$1,100.00** for transportation of certain specified goods from Coleman in Wichita, KS to WalMart in Coldwater, MI;

iv. Harcros Chemicals Inc. , jointly and severally, in the amount of **$1,100.00** for transportation of certain chemicals from Tronox Specialty Alkali Corporation in Westvaco, WY to Harcros Chemicals in Wichita, KS;

v. Graham Packaging Company Limited Partnership , jointly and severally, in the amount of **$1,075.00** for transportation of certain specified goods from Graham Packaging LBL Warehouse in Muskogee, OK to Graham Packaging Holland in Holland, MI;

vi. Dasco Incorporated and Musket Corporation, jointly and severally, in the amount of **$1,150.00** for transportation of certain specified goods from Dasco in Englewood, CO to Musket Corp. in Salt Lake City, UT;

C. As to Count IV, Judgment against Defendants Diverse Transportation Services LLC and Robert J. Elzer, jointly and severally, in the amount of Eleven Thousand Four Hundred and Twenty Four Dollars and Fifteen Cents ($11,424.15) plus exemplary damages;

D. As to Count V, Judgment against Defendants Diverse Transportation Services LLC and Robert J. Elzer, jointly and severally, in the amount of Thirty Four Thousand Two Hundred Seventy Two Dollars and Forty-Five Cents ($34,272.45);

E. Costs, interest and at least nineteen thousand dollars ($19,000.00) in attorney's fees under Counts I and V;

F. Any further legal relief as this Court deems appropriate.

VISSER AND ASSOCIATES, PLLC

Dated: July 18, 2017

/s/ Brittany W. Burke
Brittany W. Burke (P81438)
VISSER AND ASSOCIATES, PLLC
2480 - 44th Street, S.E., Suite 150
Kentwood, MI 49512
(616) 531-9860
bburke@visserlegal.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Complaint was served on the Secretary of Transportation in accordance with 49 U.S.C. 14707(b) on the 18th day of July, 2017 via certified U.S. mail at the following address:

Elaine L. Chao, U.S. Secretary of Transportation
The United States Department of Transportation
1200 New Jersey Ave, SE
Washington, DC 20590

/s/ Brittany W. Burke
Brittany W. Burke (P81438)